# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3153

_____

| | | |
|---|---|---|
| Metropolitan Life Insurance Company, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Carlotta J. Wilson; Joseph E. Wilson; | * | Western District of Missouri. |
| Debbie L. Wilson, also known as | * | |
| Debbie L. Wilson Frazier; Douglas G. | * | [UNPUBLISHED] |
| Wilson, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Carrie A. Mallory, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Edward A. Wilson, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Rebecca Lake Wood, Jackson County, | * | |
| Missouri Public Administrator, | * | |
| Administer ad litem for the Estate of | * | |
| Eugene Wilson, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 22, 2009
Filed: January 29, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carrie A. Mallory appeals the district court's[1] order directing that benefits from an ERISA-regulated life insurance plan be turned over to the probate estate of Eugene Wilson for distribution by the Missouri state court. Specifically, she challenges the district court's finding, after a bench trial, that in August 2005 Wilson lacked the mental capacity to make a valid beneficiary designation.

We first note that because Mallory did not provide a trial transcript, we are unable to review the district court's factual findings or its determinations regarding witness credibility. See Fed. R. App. P. 10(b)(1) (discussing appellant's duty to order transcript); Van Treese v. Blome, 7 F.3d 729, 729 (8th Cir. 1993) (per curiam) (district court's factual findings after bench trial cannot be reviewed without transcript); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 385-86 (8th Cir. 1987) (per curiam) (where pro se appellant did not order trial transcript, this court could not review evidentiary rulings or sufficiency of evidence).

Upon careful de novo review of the district court's legal conclusions, we find no reversible error. See United States v. Missouri, 535 F.3d 844, 848 (8th Cir. 2008) (de novo review in appeal from civil bench trial); Equitable Life Assurance Soc'y v. Crysler, 66 F.3d 944, 948 (8th Cir. 1995) (designation of ERISA plan beneficiaries and determination of who is entitled to plan benefits are questions of federal law); Mohamed v. Kerr, 53 F.3d 911, 913 (8th Cir. 1995) (federal common law should be applied where there is no federal statutory law to apply in ERISA litigation; in developing federal common law, courts may be guided by state law that does not

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

conflict with ERISA or its underlying policies); <u>Machens v. Machens</u>, 263 S.W.2d 724,726-28 (Mo. 1954) (discussing mental incapacity); <u>Morse v. Volz</u>, 808 S.W.2d 424, 430 (Mo. Ct. App. 1991) (same).

Accordingly, we affirm.

_____